IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA M. FORBES,)
)
    Plaintiff,)
)
vs.) Civil Action No. 12-1269
)
MICHAEL J. ASTRUE, ACTING)
COMMISSIONER OF SOCIAL SECURITY,)
)
    Defendant.)

ORDER

AND NOW, this 18th day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993);

1

Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] While the Court does not reach all of Plaintiff's arguments, it does note that the Administrative Law Judge ("ALJ") properly evaluated the medical opinion evidence in the record and thoroughly explained his rationale for why he gave less than controlling weight to the treating physician opinion rendered by Dr. Gaul.

First, it is well-established that [t]he ALJ — not treating or examining physicians or State agency consultants — must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Social Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity," Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011), and a treating physician opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in the record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed.Appx. 140, 148 (3d Cir. 2007).

Second, a treating physician opinion on the ultimate issue of disability is not entitled to any "special significance" and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006); see also 20 C.F.R. § 404.1527(e); SSR 96-6p.

As the ALJ thoroughly explained, Dr. Gaul's opinion that

2

Plaintiff was unable to perform sedentary or light work was not binding on him and the ALJ was free to give his opinion less than controlling weight so long as he adequately explained his rationale for doing so, which the Court finds he did. The ALJ did not outright reject Dr. Gaul's entire opinion and he more than sufficiently discussed his reasoning for rejecting the portions of his opinion which conflicted with his RFC assessment. (R. 15-23). Indeed, the ALJ cited to the fact that Dr. Gaul's opinion was not supported by his own clinical data and was based largely on Plaintiff's subjective complaints, which the ALJ found to not be fully reliable given her dishonesty regarding her drug abuse history, her admitted history of overuse of pain medications, "and the fact that the physicians never found any objective reason for such pain complaints." (R. 22). The ALJ noted that the record revealed a "major discrepancy between what [Plaintiff] told certain providers, her testimony and the medical evidence of record that undermines the reliability of her testimony and her report of symptoms to provideers." (Id.).

Contrary to Plaintiff's contention, "[a]n ALJ may discredit a physician's opinion on disability that was premised largely on the claimant's own accounts of her symptoms and limitations when the claimant's complaints are properly discounted." Morris v. Barnhart, 78 Fed.Appx. 820, 825 (3d Cir. 2003). Thus, after the ALJ determined that Plaintiff's complaints of disabling pain were not fully reliable -- a conclusion that the Court finds is supported by substantial record evidence -- he was entitled to discount the portions of Dr. Gaul's opinion that were based on Plaintiff's subjective complaints. See id. ("[W]e find that the ALJ properly discounted those aspects of Dr. Picciotto's opinion that were based on Morris's subjective complaints.").

The Court also notes that Plaintiff is mistaken in her assertion that the "ALJ rejected the testimony of a lay witness without explanation," (Doc. No. 13 at 5), as the ALJ specifically stated that he gave Tiffany McMasters' testimony "some weight" but that "nothing in her testimony would prevent the claimant from performing substantial gainful activity within the residual functional capacity that has been determined." (R. 21).

Against this backdrop, the Court finds that the ALJ: (i) properly accounted for the functional limitations that were credibly established by the medical evidence; (ii) adequately explained the basis for his RFC finding; and (iii) was entitled to credit the opinion of Dr. Richless, the state agency consultative examiner, after finding that his opinion was more consistent with the objective medical evidence. See Myers v.

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Barnhart, 57 Fed. Appx. 990 (3d Cir. 2003) (noting that ALJ did not err in crediting opinion of state agency consultative examiner over that of treating physician). The Court has carefully reviewed the record and it finds that the ALJ's ultimate determination of non-disability enjoys the support of substantial record evidence.